UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.     CASE NO.: 2:17-cr-91-FtM-38MRM

ADAM RATZ
_____

### **OPINION AND ORDER**[1]

Before the Court is pro se Defendant Adam Ratz's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 48) and the Government's response in opposition (Doc. 50). For the below reasons, the Court denies the motion.

Defendant is serving a 42-month sentence for child pornography-related crimes. (Doc. 43). He is thirty-six years old, incarcerated at the Miami Federal Correctional Institute, and projected to be released on February 16, 2021. Defendant now moves for compassionate release because the COVID-19 pandemic creates extraordinary and compelling circumstances to incarcerated persons like him. Defendant seeks a time-served sentence.

A district court has "no inherent authority" to modify an already imposed imprisonment sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A term of imprisonment may be modified only in certain circumstances. 18 U.S.C.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

§ 3582(c). Defendant argues that his sentence may be reduced under § 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] **extraordinary and compelling reasons** warrant such a reduction...and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). The Government effectively concedes that Defendant has exhausted his administrative remedies. (Doc. 50 at 10). The Court thus turns to the merits of Defendant's motion.

After reviewing the parties' arguments, record, and applicable law, the Court finds that Defendant fails to show "extraordinary and compelling" reasons to warrant compassionate release. A reduction for extraordinary and compelling circumstances must be consistent with the United States Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). Courts thus rely on U.S.S.G. § 1B1.13, which lists four extraordinary and compelling reasons: serious medical condition, advanced age and deteriorating health, family circumstances, and other extraordinary and compelling reasons the BOP Director determines. U.S.S.G. § 1B1.13, cmt. n.1.

None of the circumstances Defendant relies on falls within the Commission's policy statement. Even taking as true his past medical conditions like chronic bronchitis, tuberculosis, and bacterial skin infections—none of which are supported by medical evidence—Defendant does not state how his current medical conditions make him more

vulnerable to serious illness should he contract COVID-19. He likely does not do so because the Centers for Disease Control recognize none of his conditions as increasing his risk of severe illness from the virus. What is more, Defendant is only thirty-six years old and has a family who helps to support him. And Defendant has not established that the steps being taken by the BOP and his current facility are insufficient under his personal circumstances.

At bottom, Defendant's general concerns about prisoners' potential exposure to COVID-19 alone is not enough for extraordinary and compelling circumstances to warrant release. See *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13."). Although the Court understands Defendant's concern about COVID-19, it does not possess the authority to reduce his sentence or grant him compassionate release under the facts.

Accordingly, it is now **ORDERED:**

Defendant Adam Ratz's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 48) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 26th day of August 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record

3